UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:    Case No. 8:95-bk-08284-MGW
Chapter 7
THEODOR ROGERS,

    Debtor.
_____/

## APPLICATION TO EMPLOY COLLECTION AGENT

Dawn A. Carapella, successor Chapter 7 Trustee appointed in the above-referenced case, files her Application to Employ Collection Agent, and states:

1. On August 16, 1995, Debtor, Theodore Rogers, filed his voluntary Petition under Chapter 7 of the Bankruptcy Code.

2. Jay Harpley was appointed Chapter 7 Trustee.

3. On September 14, 1995, the Trustee filed his Report of No Distribution and the case was closed on January 24, 1996.

4. On May 27, 2015, the Office of the United States Trustee filed a motion to reopen the case and direct the appointment of a successor trustee. (Doc. No. 18);

5. On June 9, 2015, the Court entered the Order granting the motion to reopen the case. (Doc. No. 19).

6. Dawn A. Carapella has been appointed Successor Trustee in the case. (Doc. No. 21).

7. Successor Trustee has been notified that there exists a pre-petition undisclosed asset that may be property of the estate.

8. The Successor Trustee respectfully requests authority to employ Global Discoveries, LTD ("Collection Agent") for the purpose of assisting the Successor Trustee in collecting the unscheduled asset.

9. Collection Agent has agreed to perform collection services pursuant to a contingency fee of 30% of any amounts collected as set forth in the proposed agreement attached hereto as **Exhibit "A"**.

10. Collection Agent is experienced, qualified and competent to collect the unscheduled asset.

11. To the best of Successor Trustee's knowledge, Collection Agent has no connection with any parties in interest or their attorneys or accountants, has no interest adverse to the estate that would disqualify Collection Agent from employment and, therefore, is a disinterested party. An affidavit of disinterestedness is attached hereto as **Exhibit "B"**.

WHEREFORE, the Trustee respectfully requests that this Application be approved and that the Trustee be authorized to employ Global Discoveries, LTD, as collection agent and grant such other and further relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2015, a true and correct copy of the foregoing Application has been provided by electronic system or U.S. Mail to **Debtor:** Theodore Rogers, 14306 N. 22nd St., Tampa, FL 33613 and Last Know Address: 1292 West Bay Ave., Largo, FL; **Debtor's Counsel:** Gordon L. Kiester, Esquire, Florida Department of Revenue, P.O. Box 2299, Mango, FL 33550; **Office of the United States Trustee** at USTPRegion21.TP@USDOJ.GOV; and Proposed Collection Agent: Kristina Ferrer, Claims Consultant, Global Discoveries, Ltd., 1120 13th Street, Suite A, Modesto, CA 95354.

/s/ Dawn A. Carapella
DAWN A. CARAPELLA
Chapter 7 Trustee
P.O. Box 67
Valrico, FL 33595-0067
Dcarapellatrustee@gmail.com

## CONTINGENCY AGREEMENT

Subject to Bankruptcy Court approval, this agreement is made by and between Dawn Carapella, as bankruptcy trustee for Theodore Rogers (hereafter referred to as "Client") and Global Discoveries, Ltd., 1120 13th Street, Suite A, Modesto, California 95354 (hereafter referred to as "Global").

1. **RECITALS:** This agreement is made with reference to the following facts and circumstances:
   (a) Global is in the business of processing claims for funds it has located.
   (b) Client is eligible to claim all or a portion of approximately $89,535.14.

2. **PERFORMANCE:**
   (a) Global may advance all costs, and perform all duties it deems necessary to secure the funds.
   (b) Global agrees to provide all forms and documents required to process the claim for the funds.
   (c) Client agrees to provide Global with any documentation in their possession required to collect the funds.
   (d) Client authorizes Global to act as their exclusive agent and/or power of attorney to process a claim for the funds.
   (e) Client agrees to sign and return all documents to Global within five (5) workdays.

3. **COMPENSATION:**
   (a) *Client and Global agree that Global's compensation is contingent upon Client actually receiving Client's share of the funds. In the event your claim is not paid, all Parties are released of their duties and obligations under this agreement and Client will have no obligation whatsoever to compensate Global.*
   (b) Client agrees that Global will receive a 30% net contingency fee, upon prior application and approval of the bankruptcy court. Client understands that even if Client recovers the funds on its own, or has someone besides Global recover the funds, that Global is entitled to receive its contingency fee upon any recovery.
   (c) For clarification, Global is ONLY entitled to its net percentage of the funds that are actually collected.

(d) Global is not an attorney and is not licensed to practice law. Global does not provide legal advice or representation.

4. **MISCELLANEOUS PROVISIONS:**
   (a) *Counterparts and Facsimile Transmission:* This agreement may be signed in counterparts. A signed copy of this agreement received by fax shall be deemed an original. The original signed document shall be delivered to the receiving party.
   (b) *Binding:* This agreement is binding on all heirs, successors in interest, and assigns.

---

DATE: MONTH, DAY, YEAR

Dawn Carapella, as Bankruptcy Trustee for Theodore Rogers
PO BOX 67
Valrico, FL 33595
Phone: (    )    -

---

7-22-2015
DATE: MONTH, DAY, YEAR

Kristina Ferrer, Claims Consultant
Global Discoveries, Ltd.
Telephone (Toll-Free): (800) 370-9571
Fax:                   (209) 554-0308
Email:                 Kristina.Ferrer@gd-ltd.com

*GD Number: 24260-197811*

## AFFIDAVIT IN SUPPORT OF
## TRUSTEE' APPLICATION TO EMPLOY COLLECTION AGENT

STATE OF FLORIDA:
COUNTY OF HILLSBOROUGH:

BEFORE ME, the undersigned authority, personally appeared, Jed Byerly, as Managing Member, who, being duly sworn deposes and says:

1. I, Jed Byerly, declare under penalty of perjury pursuant to the provisions of 28 U.S.C. Sec. 1746, that the statements set forth below are true and correct.

2. I am a Managing Member of Global Discoveries, Ltd. ("Collection Agent")

3. Collection Agent is in the business of collecting accounts receivable, including unclaimed funds.

4. I am generally familiar with the bankruptcy case of Theodore Rogers and understand that Theodore Rogers filed for relief under Chapter 7 of the Bankruptcy Code.

5. Subject to bankruptcy court approval, at the request of Chapter 7 Trustee, Dawn A. Carapella, Collection Agent will provide collection services for unscheduled funds that Collection Agent has located.

6. There are no agreements for the sharing of compensation received or to be received for services rendered.

7. Collection Agent has reviewed the Schedules filed by the Debtor and compared the names in its conflict system.

8. Collection Agent may have provided services as collection agent to creditors scheduled in this case, however, such services are unrelated to this case. NONE (LIST ANY REPRESENTATIONS OF ANY OF THE CREDITORS ON THE LIST PROVIDED)

9. Collection Agent is a disinterested entity to the instant case and no conflicts exist.

-5-

10. Collection Agent does not represent an insider of the Debtor.

11. Collection Agent has no other interest, direct or indirect, that would affect the representation.

THIS CONCLUDES MY AFFIDAVIT

Name: _____

SWORN TO and subscribed before me in my presence on _____, by _____, who is personally known to me [   ] or who has produced _____ as personal identification.

See attached Jurat

_____
Notary Public, State of _____

My commission expires: _____

-6-

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**  GOVERNMENT CODE § 8202

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], not Notary)

_____          _____
Signature of Document Signer No. 1         Signature of Document Signer No. 2 (if any)

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Stanislaus

Subscribed and sworn to (or affirmed) before me on this 16th day of July, 2015, by
(1) Jed Byerly
(and (2) _____ ),
Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____
Signature of Notary Public

LINDA J. HUNNEL
Commission # 2054485
Notary Public - California
Stanislaus County
My Comm. Expires Feb 4, 2018

Seal
Place Notary Seal Above

———————— OPTIONAL ————————
Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**
Title or Type of Document: _____  Document Date: _____
Number of Pages: _____  Signer(s) Other Than Named Above: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5910